COVENANT COMMUNITY
CHURCH, Appellant,

v.

Tommy LOWE, Knox County
Clerk, Appellee.

Supreme Court of Tennessee,
at Knoxville.

Oct. 28, 1985.

Frederic S. LeClercq, Knoxville, for appellant.

Geoffrey P. Emery, Deputy Law Director, Knox County Law Director, Knoxville, for appellee.

## OPINION

COOPER, Chief Justice.

The issue for review is whether a privilege tax on the occupancy of hotel and motel rooms violates the free exercise or establishment clauses of the First Amendment of the Constitution of the United States, or the equal protection clause of the Fourteenth Amendment, when applied to a church which rents motel rooms solely for religious worship and instruction. We find no constitutional infirmity, and we affirm the decision of the chancellor upholding the tax and denying a refund.

Plaintiff, Covenant Community Church (Covenant), rents rooms each Sunday from a Howard Johnson Motel in Knoxville exclusively for religious purposes. Pursuant to Chapter 847 of the Public Acts of 1982, a 5% privilege tax was placed on the occupancy of hotel and motel rooms in Knox County. Covenant paid this tax as part of the bill for the use of the rooms. The parties have stipulated that all of the taxes were paid under appropriate protest. Covenant

then filed suit in chancery court seeking a refund and a declaration of the invalidity of the tax as applied to it. Covenant does not challenge the validity of the tax except on the constitutional grounds previously stated.

Chapter 847 of the Public Acts of 1982 was enacted "to provide for a privilege tax on the occupancy of hotel rooms or ground space" in Knox County. The tax is levied "upon the privilege of occupancy in any hotel by a transient" in the amount of 5% of the consideration charged by the operator. The proceeds of the tax are to be used to promote tourism, to fund a tourist commission, and to defray the "costs of constructing, acquiring, maintaining, and operating tourist related facilities" such as the University of Tennessee sports arena.

Covenant first argues that the privilege tax violates the free exercise clause of the First Amendment of the United States Constitution since it is imposed on religious activities and impinges on the church's tenets regarding separation of church and state. Specifically, Covenant argues that the tax "injures economic and free exercise interests of appellant church by taxing its tithes and offerings."

■ The free exercise clause bars governmental regulation of religious beliefs as such, or interference with the dissemination of religious ideas. *Gillette v. United States,* 401 U.S. 437, 462, 91 S.Ct. 828, 842, 28 L.Ed.2d 168 (1971). However, it does not relieve religious groups from all the financial burdens of government. *Murdock v. Commonwealth of Pennsylvania,* 319 U.S. 105, 112, 63 S.Ct. 870, 874, 87 L.Ed. 1292 (1943). In *Murdock,* the Court held an ordinance unconstitutional which required colporteurs to pay a license fee as a prerequisite to their distribution of religious literature. The Court noted that the challenged ordinance was quite different "from a tax on the income of one who engages in religious activities or a tax on property used or employed in connection with those activities." *Id.*

As was stated in *Braunfeld v. Brown,* 366 U.S. 599, 606, 81 S.Ct. 1144, 1147, 6 L.Ed.2d 563 (1961),

To strike down, without the most critical scrutiny, legislation which imposes only an indirect burden on the exercise of religion, i.e., legislation which does not make unlawful the religious practice itself, would radically restrict the operating latitude of the legislature.... The list of legislation of this nature is nearly limitless.

■ The 5% privilege tax imposed upon a hotel and motel occupancy in Knox County is not a tax on tithes and offerings, as argued by Covenant, nor is it even an indirect tax on tithes and offerings. It is a tax upon the secular activity of occupying a hotel or motel room, and Covenant has freely chosen to occupy such rooms. The act does not bar or limit any religious practice and, thus, we conclude that the free exercise rights of appellant church have not been violated.

■ Covenant also argues that the privilege tax violates the establishment clause of the First Amendment by inhibiting religion and threatening government entanglement in religious affairs. In reviewing this issue we first note that total separation of church and state is not possible, and that an inescapable tension exists in trying to prevent the church or the state from intruding upon the other. *Lynch v. Donnelly,* 465 U.S. 668, 104 S.Ct. 1355, 1358–59, 79 L.Ed.2d 604 (1984). While some tension is inevitable, standards have been developed to determine if the state is intruding upon the affairs of a church in violation of the establishment clause. There is no violation of the establishment clause if a statute has a secular legislative purpose, its principal or primary effect neither advances nor inhibits religion, and it does not foster an excessive government entanglement with religion. *Lemon v. Kurtzman,* 403 U.S. 602, 612–13, 91 S.Ct. 2105, 2111, 29 L.Ed.2d 745 (1971).

■ Applying these standards to the present case, we conclude that no violation of the establishment clause of the First

Amendment has occurred. As noted, the primary purpose of the 5% privilege tax is to provide funding for a tourist commission and the promotion of tourism, and to defray costs related to the construction and operation of tourist related facilities. These are purely secular goals. At best, the 5% privilege tax as applied to Covenant is an incidental burden which the church has assumed by its voluntary decision to conduct its services in a motel. It has no practical effect on Covenant's religious practices. Thus, we find that the primary or principal effect of the privilege tax neither advances nor inhibits religion. Finally, we find no risk of excessive governmental entanglement. The tax is imposed upon the occupancy of space in a hotel or motel, and not upon any religious function. The operator of the hotel or motel is required to collect the tax from the patron, and Section 4(A) of the act places the obligation upon the operator to remit the collected tax to the county. The operator is liable for any penalties or interest that accrue due to delinquency. Since the religious use to which the rooms are put is irrelevant to the imposition of the tax, and since the operator is responsible for remitting the tax to the county, there is no risk of excessive government entanglement.

■ Finally, Covenant argues that the privilege tax violates the equal protection clause of the Fourteenth Amendment since it is imposed on poor churches that must meet in rented rooms while churches owning their own land and buildings are, generally, exempt from taxation on real or personal property. *See* TCA § 67–5–212. These contentions are unsupported by fact or argument. The 5% privilege tax is not imposed upon real or personal property, but only upon the privilege of occupying a hotel or motel room. It is a privilege tax, not a property tax. As such, it applies equally and uniformly to all parties who choose, as Covenant has done, to make use of hotel or motel rooms. This issue is without merit.

The judgment of the chancellor is affirmed. Costs are adjudged against appellant, Covenant Community Church.

FONES, BROCK, HARBISON and DROWOTA, JJ., concur.